IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| EARRICK BRIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 3:11-cv-00180-SWW |
| | * | |
| | * | |
| EVONIK CYRO, LLC and Fictitious | * | |
| Defendants "A", "B", and "C", whether | * | |
| singular or plural, those other persons, | * | |
| corporations, firms, or other entities whose | * | |
| wrongful conduct caused or contributed to | * | |
| cause the injuries and damages to the Plaintiff, | * | |
| all of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but will be | * | |
| substituted by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff Earrick Bright brings this action against his former employer, Evonik Cyro, LLC (Evonik) and other unknown defendants, alleging violations of the Americans with Disabilities Act of 1990 (ADA),42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq*. The matter is before the Court on motion of Evonik to dismiss Plaintiff's complaint [doc.#3]. Plaintiff has responded in opposition to Evonik's motion and Evonik has filed a reply to Plaintiff's response. For the reasons that follow, the Court grants in part and denies in part Evonik's motion to dismiss Plaintiff's complaint.

I.

According to his complaint, Plaintiff began his employment with Evonik in June 2000 and eventually rose to the position of Warehouse Assistant. Compl. at ¶¶ 5, 9. Plaintiff states he

was diagnosed with bilateral carpal tunnel and bilateral tarsal tunnel in approximately August 2009. *Id*. at ¶ 10. Plaintiff states that he requested to be assigned to light duty but that his request was denied, and that from August 2009 through October 2010, Plaintiff periodically took short-term disability leave for medical treatment of his condition. *Id.* at ¶¶ 12, 13. He states that his doctor refused to release him back to work. *Id*. at ¶ 15.

Plaintiff alleges that he requested that Evonik reasonably accommodate his condition by placing him in a position in which he would not be required to wear steel toe boots. *Id*. at ¶¶ 21-22. Plaintiff claims that Evonik violated the ADA by failing to provide him with the requested accommodation. *Id*. at ¶¶ 17-27. Plaintiff also claims that others were permitted to not wear steel toe boots, and therefore, Evonik's failure to provide him with the requested accommodation was in violation of the ADA and Section 504 of the Rehabilitation Act. *Id*. at ¶¶ 28-35.

Plaintiff states that in October 2010, he "requested and initially received permission to take his wife to her doctor's appointments due to her health problems ... under [the] FMLA. *Id.* at ¶ 38. Plaintiff states, however, that he was subsequently required to "make up" the time he missed from work in violation of the FMLA. *Id*. at ¶¶ 36-39. Plaintiff further claims that he was discharged from Evonik's employ on or about October 8, 2010, and that "[a]t the time of his termination, [he] was on medical leave and under doctor's care in violation of FMLA ...." *Id*. at ¶¶ 16, 39.

II.

Evonik moves to dismiss Plaintiff's complaint on the following grounds: Counts I and II, which assert claims under the ADA, are time-barred because Plaintiff's complaint was not filed within 90 days of his receipt of his notice of right to sue, and Counts III and IV, which assert

claims under the RA and the FMLA respectively, fail to plead enough facts to state claims to relief that are plausible on their face. After Plaintiff filed his response to Evonik's motion to dismiss, Evonik filed its reply in which it essentially agreed that Plaintiff's ADA claims are not time-barred. Accordingly, the Court denies Evonik's motion to dismiss Plaintiff's ADA claims in Counts I and II and will proceed to a determination of Evonik's motion to dismiss Plaintiff's RA and FMLA claims.

A.

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. 556 U.S. 662, —, 129 S.Ct. at 1949. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, —, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however,

simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from conceivable to plausible. *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 662, —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

B.

1.

The Court first addresses Plaintiff's RA claim in Count III. The RA provides relevant to Evonik, a private entity, that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). A "program or activity" under the RA includes "all of the operations of...an entire corporation, partnership, or other private organization, or an entire sole proprietorship...which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation...any part of which is extended Federal financial assistance." *Id.* § 794(b)(3)(A)(ii).

Evonik moves to dismiss Plaintiff's RA claim on grounds that Plaintiff does not allege any facts to establish the threshold showing that Evonik engages in the business of education, health care, housing, social services, or parks and recreation, and that even if Evonik was engaged in such business–which Evonik states it was not–Plaintiff merely offers a factually unsupported legal conclusion that based "[o]n information and belief, [Evonik] receives federal

financial assistance and/or contracts with the federal government." Compl. at ¶ 34. Evonik thus argues that Plaintiff has failed to plead an RA claim that is plausible on its face. *Twombly*, 550 U.S. at 570.

In response to Evonik's motion to dismiss his RA claim, Plaintiff states only that "[a]s asserted in its Complaint, Plaintiff expects that Defendant's business activities meet the requisite requirements to apply the Rehabilitation Act. Establishment of more specific facts to support the allegations would be possible after submitting and reviewing discovery." As previously noted, however, a complaint cannot simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery, see *Twombly*, 550 U.S. at 561, and the Court finds that the facts set forth in Plaintiff's complaint with respect to his RA claim are not sufficient to nudge the claim across the line from conceivable to plausible. *Id*. at 570. Cf. *List v. County of Carroll*, 240 Fed.Appx. 155, 157 (8th Cir. 2007) (affirming dismissal of RA claim with prejudice for failure to allege that defendant received federal funds). Accordingly, the Court grants Evonik's motion to dismiss Plaintiff's RA claim in Count III.

2.

The Court now turns to Plaintiff's FMLA claim in Count IV. The FMLA authorizes two types of claims: interference or retaliation. *Sisk v. Picture People, Inc*., – F.3d –, 2012 WL 612353, at *2 (8th Cir. Feb. 28, 2012) (citation omitted). Plaintiff appears to be asserting only a retaliation claim.[1] In a retaliation claim, the employee alleges that the employer discriminated against him for exercising his FMLA rights. *Id*. (citation and quotation marks omitted).

---

[1] Evonik characterizes Plaintiff's FMLA claim as one alleging retaliation and Plaintiff does not dispute Evonik's characterization.

Absent direct evidence, an FMLA retaliation claim is evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Id.* The employee must first establish a prima facie case, which creates a presumption of unlawful retaliation. *Id.* To establish a prima face case of FMLA retaliation, Plaintiff must show that: 1) he engaged in protected conduct; 2) he suffered a materially adverse employment action; and 3) the materially adverse action was causally linked to the protected conduct. *Id*. at *3. The burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for its action. *Id.* at *2. If the employer meets this burden of production, the employee "must then identify evidence sufficient to create a genuine issue of material fact whether the employer's proffered explanation is merely a pretext for unlawful retaliation. *Id.*

Evonik moves to dismiss Plaintiff's FMLA retaliation claim on grounds that although Plaintiff claims he was retaliated against for taking FMLA leave, he has not alleged (1) that he was eligible to use FMLA leave, (2) that he actually used leave protected under the FMLA, (3) that he or his wife suffered a serious health condition that would qualify him for FMLA leave, or (4) that any absence was attributed to his wife's serious health condition. Evonik argues that these facts are essential to the establishment of Plaintiff's entitlement to relief under the anti-retaliation provision of the FMLA.

Although it is close, the Court finds that Plaintiff has alleged sufficient facts to survive dismissal of his FMLA retaliation claim. Plaintiff's complaint is somewhat confusing but he does allege that he requested FMLA leave to take his wife to medical appointments, that his request for FMLA leave was granted but that he was later required to "make up" for his missed time in violation of the FMLA, and that "[a]t the time of his termination, [he] was on medical

leave and under doctor's care in violation of FMLA ...." The two cases cited by Evonik in arguing that Plaintiff's FMLA retaliation claim falls short–*Smith v. Allen Health Systems, Inc.*, 302 F.3d 827 (8th Cir. 2002), and *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249 (11th Cir. 2004)–were both decided at the summary judgment stage. While it may be that Plaintiff's FMLA retaliation claim will not survive summary judgment, the Court finds that the facts set forth in Plaintiff's complaint with respect to his FMLA retaliation claim are sufficient to nudge the claim across the line from conceivable to plausible and allow further development of the record. Accordingly, the Court denies Evonik's motion to dismiss Plaintiff's FMLA retaliation claim in Count IV.

### III.

For the foregoing reasons, the Court grants in part and denies in part Evonik's motion to dismiss Plaintiff's Complaint. The Court denies Evonik's motion to dismiss Plaintiff's ADA and FMLA claims but grants Evonik's motion to dismiss Plaintiff's RA claim.

IT IS SO ORDERED this 12th day of March 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE