IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| EARRICK BRIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:11-cv-00180-SWW |
| | * | |
| EVONIK CYRO, LLC and Fictitious | * | |
| Defendants "A", "B", and "C", whether | * | |
| singular or plural, those other persons, | * | |
| corporations, firms, or other entities whose | * | |
| wrongful conduct caused or contributed to | * | |
| cause the injuries and damages to the | * | |
| Plaintiff, all of whose true and correct | * | |
| names are unknown to Plaintiff at this | * | |
| time, but will be substituted by | * | |
| amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiff Earrick Bright brings this action against his former employer, Evonik Cyro, LLC (Evonik), and other unknown defendants, alleging violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq*. By Order entered March 12, 2012 [doc.#21], the Court granted in part and denied in part a motion of Evonik to dismiss Plaintiff's complaint. The Court denied Evonik's motion to dismiss Plaintiff's ADA and FMLA claims but granted Evonik's motion to dismiss Plaintiff's RA claim.

Now before the Court is a motion of Evonik to compel discovery [doc.#26]. Evonik states that Plaintiff has failed to provide Rule 26(a) Disclosures and failed to respond to Evonik's First Set of Interrogatories and First Request for Production of Documents. Evonik states that it has made a good faith effort to obtain the discovery without court action and that Plaintiff's failure to respond to said discovery requests was not substantially justified. Evonik requests that the Court order that any objections to its First Interrogatories and First Request for Production of Documents have been waived and that Plaintiff should serve Rule 26(a) Disclosures and complete discovery responses as soon as possible. In addition, Evonik requests that because of Plaintiff's unjustified failure to timely respond to this discovery or provide any responses, the Court award its attorneys' fees and costs incurred in connection with filing its motion to compel.

In Response, Plaintiff states he was accepted at a technical school in Houston, Texas, and obtained loans and moved to Houston to enroll in school and look for part time employment. Plaintiff states that since his move, he has either been working one of his part time jobs, attending classes or studying. Plaintiff states that his relocation has greatly hindered his ability to communicate with his counsel and provide information requested in defendants discovery but that he has now served (on October 17, 2012) his responses to Interrogatories and his responses to Requests for Production of Documents on Defendants via email per the request by Evonik's counsel. Plaintiff admits that his responses are untimely but submits that his delay is substantially justified based upon the circumstances described above and any award of sanctions against Plaintiff would be

unjust. See *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 720 (8th Cir. 2010) (noting that "[u]pon granting a motion to compel, a court must require the party 'whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees'" and that "[s]uch payment must be ordered unless (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the nondisclosure was substantially justified, or (3) other circumstances would make the award of expenses unjust") (quoting Fed.R.Civ.P. 37(a)(5)(A)).

The Court has considered the matter and will deny as moot Evonik's motion to compel as Evonik does not dispute that Plaintiff has now provided, albeit belatedly, his responses to Evonik's First Set of Interrogatories and First Request for Production of Documents[1] and there is no prejudice to Evonik apparent from the record.[2] The Court informs Plaintiff, however, that it is his responsibility to timely respond to discovery responses and the Court will not in the future find Plaintiffs' relocation to Houston to be a

---

[1] Plaintiff does not explicitly state that he has provided to Evonik his Rule 26(a) Disclosures but it appears his failure to reference the Rule 26(a) Disclosures in his response to Evonik's motion to compel was an oversight. In this respect, it appears that all requested discovery has now been provided to Evonik as Plaintiff filed his response to Evonik's motion to compel on October 17, 2012, stating that Evonik's motion to compel is now moot and Evonik has not disputed that assertion.

[2] By Order entered October 12, 2012 [doc.#29], the Court granted an agreed upon motion by Plaintiff to extend the discovery deadline up to and including December 21, 2012.

justifiable reason for not timely prosecuting his action.[3]

IT IS THEREFORE ORDERED that Evonik's motion to compel [doc.#26] be and it hereby is denied as moot.

Dated this 5th day of November 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff could have filed a motion for an extension of time in which to provide discovery which likely would have obviated the need of Evonik and this Court having to address Plaintiff's failure to timely respond to Evonik's discovery requests.