IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| EARRICK BRIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 3:11-cv-00180-SWW |
| | * | |
| | * | |
| EVONIK CYRO, LLC, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Earrick Bright brought this action against his former employer, Evonik Cyro, LLC (Evonik), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* By Opinion and Order entered May 30, 2013, the Court granted Evonik's motion for summary judgment and entered judgment dismissing this action.

Now before the Court is Evonik's motion for Bill of Costs in the total amount of $2,449.45 [doc.#52].[1]  Bright, in turn, has filed a motion [doc.#53] to quash Evonik's motion for Bill of Costs on grounds that he is financially unable to pay costs and, alternatively, the items in Evonik's Bill of Costs do not fall within the scope of 28 U.S.C. § 1920.  Evonik opposes Bright's motion to quash but does state that in light of Bright's claim of inability to pay the full amount of costs and in consideration of judicial economy, it will compromise its request for costs by rescinding its request for the cost of

---

[1] The subtotals Evonik has supplied actually total one nickel more–$2,449.50.

Teresa Bright's deposition, which amounted to $553.50, and by reducing the request for internal copying costs of $328.50 to include only the copying costs of the exhibits to its motion for summary judgment, which amounts to $54.45. As so amended, Evonik's Bill of Costs now seeks $1,228.45 for Bright's deposition, $54.45 for internal copies, and $339.05 for external copies, for a total of $1,621.95. For the foregoing reasons, the Court grants Evonik's motion for Bill of Costs as amended and denies Bright's motion to quash Evonik's motion for Bill of Costs.

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees for necessary printed or electronically recorded transcripts, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Under Fed.R.Civ.P. 54(d)(1), "costs–other than attorney's fees–should be allowed to the prevailing party." See *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam).

Bright essentially argues that this Court should exercise its discretion and deny costs altogether on grounds that he is a person of very limited financial sources. This, however, is not a basis for denying costs, at least on this record. While it is true that an inability to pay is a proper factor to be considered in granting or denying taxable costs, *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (citation omitted)), Bright had the services of retained counsel and he has not demonstrated actual indigency or limited financial resources such that he is unable to pay the costs at this time or at some point in the future. *Cf. Galvan v. Cameron Mutual Ins. Co.*, 831 F.2d 804, 805-06 (8th Cir. 1987)

(per curiam) (appellate courts may assess costs against in forma pauperis litigants); *Jackson v. Unknown Smith*, 116 F.3d 480 (8th Cir. 1997) (unpublished per curiam) (holding in a case affirming an award of costs despite claims of indigency that "[a] prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent").[2]

Alternatively, Bright argues that this Court should reduce the amount of costs requested on grounds that Teresa Bright's deposition was not used in the summary judgment papers, that Evonik provides no explanation for the costs associated with internal copies, and that much of Bright's medical records–the external copies–were not reasonably necessary. Evonik, however, has withdrawn its request for costs associated with Teresa Bright's deposition and all but $54.45 of the costs for internal copies. As to the remainder of the costs for which reimbursement is being sought, the Court finds that all of those costs in Evonik's amended Bill of Costs were necessary to the defense of this action. Additionally, when an expense is taxable as a cost, "there is a strong presumption that a prevailing party shall recover it 'in full measure.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494 (8th Cir. 2002) (citations omitted). The losing party bears the burden of making the showing that an award is inequitable under the circumstances. *Id.* Bright has not met his burden of showing that the award as amended is inequitable

---

[2] Should Bright demonstrate that he is financially unable to pay the full amount of costs at one time, "it is the Court's belief that the parties involved can come to an independent arrangement for repayment of the costs over a reasonable amount of time." See *Wardell v. City of Chicago*, No. 98 C 8002, 2002 WL 31496215, *2 n.3 (N.D. Ill. Nov. 7, 2002).

under the circumstances.[3]

IT IS THEREFORE ORDERED that Evonik be awarded costs in the amount of $1,621.95.

Dated this 18th day of July 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] The Court rejects any suggestion that an award of costs will have a chilling effect on litigants such as Bright. "'Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it'' and '"[w]e see no reason to treat indigents differently in this respect.'" *McGill*, 18 F.3d at 460 (quoting *Flynt v. Haynes*, 651 F2d 970 (4th Cir. 1981)). "Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must [indigents] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *Id*.